IN  THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CARLTON FRANCIS HARRIS                    *

    v.                                                  *   CIVIL ACTION NO. DKC-13-2755

BOBBY P. SHEARIN                              *

                                     ******

## MEMORANDUM OPINION

On September 18, 2013, Petitioner Carlton Francis Harris, filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his convictions for armed robbery and related offenses entered in 2011, in the Circuit Court for Charles County.  ECF No. 1.  After examining these papers, the court finds no need for an evidentiary hearing.  *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. § 2254(e)(2).  For the reasons that follow, the Petition will be denied without prejudice as unexhausted.

## Procedural History

After a jury trial conducted between February 28 and March 3, 2011, in the Circuit Court for Charles County, Petitioner was convicted of five counts of armed robbery, ten counts of first degree assault, fifteen counts of use of a handgun in the commission of a crime of violence, two counts of conspiracy, and one count of theft.  ECF No. 7, Exs. 1 & 4.  He was sentenced to 200 years incarceration on May 31, 2011.  *Id.*  Petitioner's conviction was affirmed by the Court of Special Appeals of Maryland on February 13, 2013.  *Id.*, Ex. 4.  Petitioner's self-represented Petition for Writ of Certiorari was denied by the Court of Appeals of Maryland on May 20, 2013.  *Id.*, Ex. 5 & 6.[1]  Petitioner has not filed a petition for post-conviction relief (*Id.*, Ex. 1) although

---

[1] Petitioner's judgment became final on August 19, 2013, when the time for seeking review in the United Sates Supreme Court expired.  *See* Sup. Ct. Rule 13.1.

he has sought representation from the Office of the Public Defender in order to file same.  ECF Nos. 10 & 11.

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts.  *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).  This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings.  To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals.  *See* Md. Code Ann., Crim. Pro. Art., §§ 7-101- 7-301 and § 7-109.  If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted.  *See Sherman v. State*, 593 A. 2d 670, 670-71 91991).  If, however, the application is granted but relief on the merits of the claim is denied, the petitioner must seek certiorari to the Court of Appeals.  *See Grayson v. State,* 728 A.2d 1280, 84085 (1999).  Petitioner has not yet begun, much less completed, post-conviction review and his petition here shall be dismissed without prejudice as unexhausted, to allow him to refile this case after completion of state remedies.

Petitioner is advised that 28 U.S.C. § 2244 imposes a one-year filing deadline on state prisoners filing applications for a writ of habeas corpus in federal court.[2]  Should he wish to

---

[2] This section provides:

> (1)    A 1-year period of limitation shall apply to an application  for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

refile this petition once he has exhausted his available state court remedies, he should take care not to miss this deadline.[3]

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c) (1). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253 (c) (2). When a district court dismisses a habeas petition solely on procedural grounds, a

---

(B)      the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)      the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[3] A district court may, in lieu of dismissal, hold a § 2254 petition in abeyance and stay the case pending the petitioner's presentment of his unexhausted claims to the state courts. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). A stay is appropriate only for good cause, where the unexhausted claims are potentially meritorious, and no dilatory tactics are shown. *Id.* at 277. Stay and abeyance is available only in limited circumstances. Because granting a stay effectively excuses a Petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the Petitioner's failure to exhaust his claims first in state court. Moreover, even if a Petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Rhines v. Weber* 544 U.S. 269, 277 (2005).

Petitioner provides copies of letters received from the Public Defender's Office-Collateral Review Division regarding his efforts to secure their services in order to file his state post-conviction petition. ECF Nos. 10 & 11. Petitioner was specifically advised by the Public Defender's Office that given the back log in their office they may not be able to review his file in a timely manner. He was advised this would result in his losing the opportunity to file a timely petition in this court. Petitioner was provided instructions from the Public Defender on how to file a self-represented state petition which would preserve his federal rights and still provide him counsel during his state post-conviction proceedings. It does not appear, however, that Petitioner took any action in response to that letter. Petitioner has not established good cause for his failure to exhaust the claims presented to this court and is therefore not entitled to a stay and abeyance. It appears that Petitioner has limited time within which to file the state petition and he is cautioned not to miss the deadline. He is reminded that a properly filed petition for state post-conviction relief tolls the federal limitations period.

certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid clam of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)).  The court will not issue a COA because petitioner has not made the requisite showing.

A separate order follows.


Date:  __July 21, 2014__                            _____/s/_____
                                                                              DEBORAH K. CHASANOW
                                                                              United States District Judge